LAW OFFICES OF ROBERT L. TARVER, JR.
66 South Main Street
Toms River, New Jersey 08757
Tel: (732) 341-2152
Robert L. Tarver, Jr.
Attorney for Plaintiff
RT (0472)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CECIL R. BAILEY, | : | |
| | : | Civil Action No. |
| Plaintiff, | | |
| v. | : | *Civil Action* |
| | : | |
| BOROUGH OF BRADLEY BEACH; | : | |
| PATROLMAN SHAWN LIGHTBODY | | |
| individually and under color of law; | : | |
| PATROLMAN ANDREW REDMOND | | **COMPLAINT** |
| individually and under color of law; | : | **AND JURY DEMAND** |
| POLICE CHIEF LEONARD A. GUIDA; | : | |
| JOHN AND JANE DOES 1-10; | | |
| | | |
| Defendants. | | |

Plaintiff Cecil R. Bailey, by way of Complaint against the Defendants, says:

**JURISDICTION AND VENUE**

1.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983. This Court

has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and

1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367.

2.    Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's

claims occurred in this District.

4.     The causes of action alleged, seek to redress the deprivation, under the color of state law, policy and custom, of rights secured by the United States Constitution, the New Jersey Constitution, and the statutory and common laws of the state of New Jersey, and to recover damages, costs, and attorney fees under 42 U.S.C. §§ 1983, 1985(1), (2), (3) and 1988.

5.     The acts, omissions and conspiracies alleged in this complaint were engaged in and carried out by all defendants individually and under color of state law and/or agents, employees and co-conspirators and the Ocean County Department of Corrections, by and through their employees, agents, officials and co-conspirators pursuant to governmental policy, practice, and custom and under color of law.

## PARTIES

6.     Plaintiff Cecil R. Bailey (hereinafter "Plaintiff" or "Mr. Bailey") was a resident of the Borough of Bradley Beach in Monmouth County, State of New Jersey. He is an African American male.

7.     Defendant, Borough of Bradley Beach (hereinafter "Bradley Beach"), is a municipality within the State of New Jersey and, at all times relevant to the allegations of this Complaint, was the employer of the individual defendants.

8.     At all times relevant to the allegations of this Complaint, Defendant Leonard A. Guida "Guida") served as Police Chief for Defendant Bradley Beach and was the primary official responsible for the training, discipline, and supervision of its police officers including, without limitation, Defendants Patrolman Shawn Lightbody (hereinafter "Lightbody") and Patrolman Andrew Redmond (hereinafter "Redmond"). He is sued in his official and individual capacity.

2

9.      At all times relevant to the allegations of this Complaint, Defendant Lightbody was a police officer employed by Defendant Bradley Beach and acted in the course of his employment and/or under color of state law. He is sued in his official and individual capacity.

10.      At all times relevant to the allegations of this Complaint, Defendant Redmond was a police officer employed by Defendant Bradley Beach and acted in the course of his employment and/or under color of state law. He is sued in his official and individual capacity.

11.      At all times relevant to the allegations of this Complaint, Defendants John and Jane Does 1-10 were police officers and other public servants, policymakers and/or governmental employees employed by Defendant Bradley Beach and acted in the course of their employment and/or under color of state law. They are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12.      Cecil Bailey was in his apartment located at 405 Evergreen Avenue in Bradley Beach, New Jersey along with his two sons. Because they were moving out of the apartment, Bailey was passing furniture over the second floor balcony down to his sons so that they could take the furniture over to the dumpster located approximately 30 yards away.

13.      The 405 Evergreen Ave. address is approximately 75 yards from the Bradley Beach Police Station and is in both walking and visual distance of the station. After Bailey and his sons had completed the task of removing furniture, they were in the apartment when a police officer, believed to be Patrolmen Lightbody, knocked on his door. Bailey opened the door and the officer indicated that there was a complaint about furniture being thrown over the balcony.

14.     One of the reasons Bailey was moving from the area was that he and his family were the subject of unfounded noise complaints which, in his belief, were based upon his race as an African-American male.

15.     When Bailey opened the door, the officer indicated that they had received a complaint of chairs being thrown over the balcony. Bailey indicated to the officer that he had in fact thrown chairs over the balcony to his children so that they could put them in the dumpster.

16.     Bailey had committed no crime or offense by passing chairs over the balcony to his children. He had committed no violation of municipal ordinance by passing chairs over the balcony to be thrown out. There was no indication that Bailey did not live in the apartment, nor was that alleged. Further, although not required, he told the officer exactly what he was doing. In fact, the officer indicated that he didn't have a problem with the fact that furniture was passed over the balcony.

17.     Notwithstanding the fact that no crime or offense had been committed, the officer requested identification from Mr. Bailey. Since there was no crime committed and since he had done nothing wrong Bailey refused to provide identification. When Bailey attempted to close the apartment door, Lightbody put his foot into the apartment in order to stop the door from closing.

18.     Although Bailey repeatedly asked the officer to leave and to step out of his apartment, the officer refused to do so and continued to force the door open.

19.     Thereafter, Patrolman Andrew Redmond arrived at the apartment and without hesitation or invitation immediately walked into the door and began to follow Mr. Bailey telling him to come here. Redmond had no probable cause to believe that a crime had been committed or that one was imminent yet he walked into the private residence uninvited and without probable cause.

20.     Mr. Bailey was aware that he had committed no crime and was also under the belief that Redmond had no right to be in his private dwelling. As a result of seeing Redmond enter the home, Mr. Bailey became fearful and went to the balcony where he could be seen.

21.     At that point, Lightbody also entered the apartment. Lightbody went out of a separate door to the right of the balcony while Redmond was on the left side of the balcony. Mr. Bailey repeatedly demanded that the officers leave his house. Redmond sarcastically and snidely told Bailey that he was not in his house but because he was on the balcony, he was "outside". When Bailey asked him to leave his house, Redmond sarcastically and snidely said, "you don't own it".

22.     Although the statements were sarcastic in nature, Redmond's statements were indicative of his knowledge that he had no legal authority to be in a private dwelling uninvited, without probable cause.

23.     As Mr. Bailey attempted to walk to the right side of the balcony, Patrolmen Lightbody placed his hand in the middle of Mr. Bailey's chest, preventing him from walking in that direction. At that point, because physical force had been used to detain him, Mr. Bailey feared that the officers may escalate the situation. As he looked over the balcony, Mr. Bailey saw a young man near an adjacent building. Mr. Bailey called out to the young man for help, hoping that the man would film the offense and that the presence of a party might make the officers back down.

24.     As Mr. Bailey screamed for help, Redmond immediately grabbed him from behind and attempted to take his phone while wrestling him away from the balcony. Redmond wrestled Mr. Bailey into the house and threw Mr. Bailey against the wall. Lightbody then approached Mr. Bailey with a canister of OC capsicum spray and sprayed Mr. Bailey in the face.

25.     Mr. Bailey was wrestled to the ground forcefully by both officers and he was handcuffed. All of these events occurred in front of his two children.

At no time during the entire interaction was Mr. Bailey ever advised or told that he was under arrest.

26.     In the course of being unlawfully arrested Mr. Bailey's knee was injured as well as his back. As a result of being sprayed with Capsicum, Mr. Bailey suffers eye and sinus issues. Plaintiff was shoved into the police cruiser and transported to the police department, during which time he was never advised of his rights or why he was being detained or arrested.

## FEDERAL THEORIES OF RECOVERY

## COUNT I- 42 U.S.C. § 1983

27.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

28.     The Fourth Amendment prohibits law enforcement from using excessive force on citizens.

29.     As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

        a.      Violation of his constitutional rights under the Fourteenth Amendments to the United States Constitution and the laws of the State of New Jersey to be free in his person from unreasonable and unjustified force;

        b.      Physical pain and suffering, and emotional trauma and suffering.

30.     Plaintiff claims damages under 42 U.S.C. §1983 for the injury set forth above against Defendants for their violation of the clearly established and well settled federal constitutional rights of Plaintiff.

31.     The actions of Defendants Lightbody and Redmond, and/or John Does 1-10 as outlined above, constitute excessive and objectively unreasonable use of force under the circumstances.

32.     As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff Bailey by Defendants Lightbody and Redmond, and/or John Does 1-10 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

33.     As a direct and proximate cause of the conduct of Defendants Lightbody and Redmond, and/or John Does 1-10  as set forth above, Plaintiff suffered bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

        **WHEREFORE,** Plaintiff Cecil R. Bailey demands judgment against Defendants Lightbody and Redmond, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

### COUNT II 42 U.S.C. § 1983
### UNLAWFUL POLICY OR CUSTOM
### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE
### *MONELL* CLAIM AGAINST BOROUGH OF BRADLEY BEACH

34.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

35.     Defendants Bradley Beach, Leonard Guida, and/or John Does 1-10 are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Bradley Beach Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal

Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

36.     Defendants Guida and/or John Does 1-10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff was assaulted and arrested.

37.     At all times mentioned herein, Defendants Lightbody and Redmond, and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Bradley Beach, were acting under the direction and control of Defendants Bradley Beach, Guida and/or John Does 1-10, and were acting pursuant to the official policy, practice or custom of the Bradley Beach Police Department.

38.     Acting under color of law pursuant to official policy, practice, or custom, Defendants Bradley Beach, Guida and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Lightbody and Redmond, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

39.     Acting under color of law pursuant to official policy, practice, or custom, Defendants Bradley Beach, Guida and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Bradley Beach, Guida and/or John Does 1-10 failed to

8

professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for the Use of Force and Internal Affairs Policy and Procedures.

40.    Defendants Bradley Beach, Guida and/or John Does 1-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Bradley Beach Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

41.    Defendants Bradley Beach, Guida and/or John Does 1- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Lightbody and Redmond, and/or John Does 1-10 and/or other Bradley Beach police officers, where they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

42.    Despite their awareness, Defendants Bradley Beach, Guida and/or John Does 1-10 failed to employ any type of corrective or disciplinary measures against Defendants Lightbody and Redmond, and/or John Does 1-10 and/or other Bradley Beach police officers.

43.    Defendants Bradley Beach, Guida and/or John Does 1-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants

Lightbody and Redmond, and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

44.     Defendants Bradley Beach, Guida and/or John Does 1-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

45.     Defendants Bradley Beach, Guida and/or John Does 1-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Lightbody and Redmond, and/or John Does 1-10 heretofore described.

46.     Defendant Borough of Bradley Beach has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of protecting inmates from unreasonable and unjustified physical pain and suffering, and emotional trauma and suffering, under the Fourteenth Amendment to the United States Constitution.

47.     Plaintiff claims damages under 42 U.S.C. §1983, for the injuries set forth above against Defendant Borough of Bradley Beach for its violation of the clearly established and well settled federal constitutional rights of Plaintiff.

48.     As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of his Fourth and Fourteenth Amendment constitutional rights; sustained bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

    **WHEREFORE,** Plaintiff Cecil Bailey demands judgment against Defendant Borough of Bradley Beach on this Count together with compensatory and punitive damages, attorney's fees,

interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT III 42 U.S.C. §1983
## FAILURE TO INTERVENE

49.     The previous paragraphs are incorporated herein inclusively as if fully set forth.

50.     Defendants Lightbody and Redmond were Bradley Beach Police Officers and at all times mentioned herein were acting under color of state law.

51.     Defendants Lightbody and Redmond had a duty to intervene in the unlawful entry and unjustified assault and arrest of Plaintiff by Defendants Lightbody and Redmond, and/or John Does 1-10.

52.     The unlawful entry and unjustified assault and arrest of Plaintiff by Defendants Lightbody and Redmond  deprived Plaintiff of his right to be secure in their persons against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

53.     Defendants Lightbody and Redmond had a reasonable opportunity to intervene in the unlawful entry unjustified arrest and assault of Plaintiff by co-Defendants and neither failed to intervene.

54.     As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of his constitutional rights; sustained bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

        **WHEREFORE,** Plaintiff Cecil Bailey demands judgment against Defendants Lightbody and Redmond on this Count together with compensatory and punitive damages, attorney's fees,

interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT IV, 42 USC §1983
## UNLAWFUL ENTRY

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     Defendant Officers Marquis Terry and John and Jane Doe Officers entered Plaintiffs' home without a warrant in violation of the Fourth Amendment and the New Jersey Civil Rights Act, N.J.S.A. 10:6 1, *et seq*.

57.     Defendant Officers had no warrant authorizing entry, no justification, nor any exception to the warrant requirement allowing their unlawful entry into Plaintiffs' home.

58.     As a result of the foregoing, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and to seek continuing medical treatment.

**WHEREFORE,** Plaintiff Cecil R. Bailey demands judgment against Defendants Lightbody and Redmond, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## AMOUNT OF DAMAGES
## PRAYER

**WHEREFORE**, Plaintiff demands the following relief:

1.  Compensatory damages;

2.  Punitive damages;

3.  Attorney's fees;

4.  An award of plaintiff's costs of suit.

5.  All other relief that is appropriate under the circumstances.

LAW OFFICES OF ROBERT L. TARVER, JR.

By: _s/Robert L. Tarver, Jr._____
Robert L. Tarver, Jr., Esq.
Attorney for Plaintiff

Dated:        June 15, 2021

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

LAW OFFICES OF ROBERT L. TARVER, JR.

Attorneys for Plaintiff

By: s/Robert L. Tarver, Jr._____
Robert L. Tarver, Jr. Esq.
Attorney for Plaintiff

Dated:        June 15, 2021

## **CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative hearing.

LAW OFFICES OF ROBERT L. TARVER, JR.


By:_ s/Robert L. Tarver, Jr._____

Robert L. Tarver, Jr., Esq.
Attorney for Plaintiff


Dated:        June 15, 2021